IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| In re:   Cathy Grant | : |
| | :   Case No.   **19-22002** |
| | :   Chapter 13 |
| Debtor(s) | : |
| | : |

## DEBTOR'S OPPOSITION TO AMENDED MOTION FOR RELIEF

NOW COMES, Cathy Grant (the "Debtor"), through her undersigned counsel, and files the following Opposition to the Amended Motion for Relief filed by U.S. Bank Trust National Association, as Trustee of the Igloo Series III Trust ("US Bank" or the "Bank") and states as follows:

1) On September 8, 2019, the Debtor filed this Chapter 13 Bankruptcy case.

2) US Bank has a secured first mortgage on the Property owned by the Debtor located at 11403 Ridge Lane, Monrovia, MD 21770 (the "Property").

3) US Bank filed a secured Proof of Claim in this case, claiming arrears in the amount of $65,519.40 (Claim No. 1-1).

4) On _____2019, the Debtor filed an Amended Plan that provides that the Debtor will repay the $65,519.40 arrears provided for in the Proof of Claim to US Bank. (Exhibit 1).

5) US Bank did not file an Objection to the Plan proposed by Ms. Grant that was ultimately confirmed.

6) By Order dated January 8, 2020, this Court confirmed the Plan filed by Ms. Grant.  (Dkt No. 34).

7) Since the Debtor filed her case, she has been paying her mortgage to US Bank and US Bank has cashed all of the checks for the mortgage delivered by Ms. Grant. (Exhibit 2).

8) On January 22, 2020, US Bank filed a Motion for Relief arguing that the stay should be lifted because the Property was sold on September 6, 2019, prior to the Debtor filing her Chapter 13 Bankruptcy case on September 8, 2019. (Dkt No. 40).

9) On February 7, 2020, the Debtor filed an Opposition to that Motion.

10) On February 25, 2020, the Bank filed an Amended Motion for Relief.

11) In the Amended Motion, the Bank argues that relief from the stay is appropriate because the Debtor cannot cure the arrears on the Property through a Chapter 13 Bankruptcy because the property sold at a foreclosure auction prior to the filing of the present Chapter 13 case.

LEGAL ARGUMENT

I. The Motion For Relief Is Barred By *Res Judicata*.

The Bank essentially takes the position that it is entitled to relief from the automatic stay because the Plan violates 11 U.S.C. § 1322(c)(1) by allowing the Debtor to cure the arrears on the Property despite the fact that the Property was sold at foreclosure prior to the filing of this Bankruptcy Case.

Assuming that the Plan does contravene Section 1322(c)(1) (which the Debtor disputes as explained *infra* Section III), the Amended Motion ignores voluminous case law holding that even if a confirmed plan violates the Bankruptcy Code, it is still binding and cannot be attacked collaterally.

For instance, in *United Student Aid Funds v. Espinosa*, 559 U.S. 260, 130 S. Ct. 1367 1376, 176 L.Ed.2d 158 (2010), the debtor filed a plan proposing to repay only the principal on the student loans and stating that the remainder -- the accrued interest -- would be discharged once Espinosa repaid the principal. *Id.*, 559 U.S. at 264.

The debtor paid his student loans in full though the Plan and subsequently the Department of Education sued the debtor to recover the interest that had accrued during the pendency of the case. *Id.*, 559 U.S. at 266.

In response, Espinosa filed a motion asking the Bankruptcy Court to enforce its discharge order by directing the Department of Education and the servicer of the student loans, United Student Aid Funds, Inc. ("United"), to cease all efforts to collect the unpaid interest on his student loan debt. *Id.*, 559 U.S. at 266.

United opposed that motion and also filed a motion to vacate the order confirming the Plan pursuant to Fed. R. Civ. P. 60(b).  United relied on the identical argument US Bank makes in this case, *i.e.* that the confirmed plan that is inconsistent with the Bankruptcy Code is not enforceable.

More specifically, United argued that the provision in Espinosa's plan authorizing the discharge of his student loan interest was inconsistent with 11 USC §§ 523(a)(8), 1328(a), which requires a court to find undue hardship before discharging a student loan debt, and with the Bankruptcy Rules, which require the court to make the undue hardship finding in an adversary proceeding.  *Id.*, 559 U.S. at 266.

The Supreme Court rejected this argument, holding that "the order remains enforceable and binding on United because United had notice of the error and failed to object or timely appeal." *Id*, 559 U.S. 260 (2010).  *See also Bullard v. Blue Hills Bank*, –––– U.S. ––––, 135 S. Ct. 1686, 191 L.Ed.2d 621 (2015) (holding that confirmation of a Chapter 13 plan "alters the status quo and fixes the rights and obligations of the parties. When the bankruptcy court confirms a plan, its terms become binding on debtor and creditor alike.").

Similarly, in the present case, the Debtor's Plan has been confirmed.  US Bank received notice of the Plan proposing to pay the arrears through the Plan and never objected to the Plan.  Indeed, even after the Plan was confirmed, US Bank never appealed that decision despite receiving notice of the Plan's confirmation.  Under these circumstances, the Plan is binding and enforceable on US Bank.

Aside from *Espinosa*, there is significant case law holding that a confirmed plan is *res judicata* and cannot be attacked collaterally.

For instance, the Fourth Circuit has repeatedly held that the confirmation of a

Chapter 13 plan has *res judicata* effect not only as to any issue actually litigated, but also as to any issue necessarily determined by an order of confirmation. *In re Varat Enterprises, Inc.*, 81 F.3d 1310, 1315 (4th Cir. 1996); *Covert v. LVNV Funding*, 779 F.3d 242, 246 (4th Cir. 2015).

Following Fourth Circuit and Supreme Court precedent, this Court has similarly held that a confirmed Chapter 13 Plan is *res judicata*. *In re Wiley*, 581 B.R. 441, 446 (Bankr. Md. 2018); *In re Peterson*, 581 B.R. 789, 795 (Bankr. Md. 2018). *See also* 8 COLLIER ON BANKRUPTCY ¶ 1327.02[1][a] (Alan N. Resnick et al. eds., 15th ed. rev. 2009) ("The binding effect of the confirmation order . . . [makes i]t . . . incumbent upon creditors . . . to review the plan and object to the plan if they believe it to be improper; they may ignore the confirmation hearing only at their peril.").

Aside from cases within this district, the question of whether a confirmed plan that violates the Bankruptcy Code still has *res judicata* effect has been almost uniformly accepted by other courts:

- *In re Colon*, 376 B.R. 33 (10th Cir. 2007) (holding that confirmed plan that avoided a mortgage lien in violation of 11 USC §1332(b)(2) still had *res judicata* effect: "In this case, the confirmed plan is res judicata as to its treatment of Washington Mutual's claim and distribution of the mortgage loan payments, whether or not that treatment violates § 1322(b).")
- *In re Mammel,* 221 B.R. 238, 240 (Bankr. N.D. Iowa 1998) ("reviewing courts have been troubled by the tension created by inclusion of arguably inappropriate plan provisions and the need for finality in confirmed plan. . . . Most courts ultimately defer to the doctrine of res judicata because of the compelling need for finality in confirmed plans. They, therefore,

enforce offending plan provisions even though acknowledging that a provision may be contrary to the Code. This is the majority view.")

- *In re Burnett*, 646 F.3d 575, 581 (8th Cir. 2011) (holding that confirmed plan that impermissibly limited a domestic support obligation still had *res judicata* effect and that "a confirmed plan is given res judicata effect even when it violates the Code.").

Aside from controlling case law, the Bankruptcy Code itself specifies that the "provisions of a confirmed plan bind the debtor and each creditor." 11 USC 1327. Thus, under the Bankruptcy Code, the Bank is bound by the terms of the Debtor's Plan that provides for the arrears owed to the Bank being repaid through the Plan.

In its Amended Motion, US Bank only relies on two cases.

The first is an unpublished decision by The Honorable David Rice of this Court in *Schweiger v. Midfirst Bank*, Civil No JKB-17-3255 (D. Md. Mar. 23, 2018).

Aside from being non-binding authority, *Schweiger* is inapplicable to the case at bar because the Plan in *Schweiger* had not yet been confirmed. Instead, Judge Rice in *Schweiger* was resolving whether a Chapter 13 Plan should be confirmed in the first instance. As a result, the binding effect of a confirmed plan was not before the Court, and *Schweiger* is therefore inapposite.

The second case US Bank relies on is *In re Comer*, 2014 Bankr. Lexis 907 (Bankr. E.D. Tenn. 2014).

*Comer* is an unpublished and non-binding decision from the Eastern District of Tennessee. Aside from its non-binding nature, it is clearly contrary to controlling case law from the Fourth Circuit, cases from this Court, and the clear majority of decisions from other jurisdictions, and should therefore be rejected .

Thus, all of the cases relied on by US Bank are nonbinding (*Comer* and *Schweiger*), inapposite factually (*Schweiger*), and contrary to established case law (*Comer*).

Because Ms. Grant's Plan has been confirmed without objection by US Bank and US Bank never appealed the order confirming the Plan, US Bank is now precluded from collaterally attacking the Confirmation Order by seeking relief from the stay and is obligated to permit Ms. Grant to resolve the arrears on the mortgage through the Chapter 13 case. For this reason, US Bank's Motion should be denied.

II.  <u>The Bank Is Estopped From Seeking Relief From The Stay</u>

Equitable estoppel allows "'a person's act, conduct or silence when it is his duty to speak,' to preclude him from asserting a right he otherwise would have had against another who relied on that voluntary action." *First Union Commercial Corp. v. Nelson, Mullins, Riley and Scarborough* (*In re Varat Enterprises, Inc.*), 81 F.3d 1310, 1317 (4th Cir. 1996)(quoting Black's Law Dictionary).

As explained *supra*, the Debtor has been making her mortgage payments to the Bank both before and after the Plan was confirmed and the Bank has cashed these checks. (Exhibit 2).

Aside from the *res judicata* effect of the Plan, the Bank is equitably estopped from seeking relief from the stay because it has been accepting mortgage payments both prior to and since the Plan was confirmed.

III.  <u>The Plan Does Not Violate the Bankruptcy Code</u>

The Bank argues in its Amended Motion that the Plan is impermissible because the Property was not part of the Bankruptcy Estate due to the foreclosure auction and the Plan violates 11 USC § 1322(c).

Aside from the *res judicata* arguments discussed *supra*, the Bank is incorrect as matter of law.

11 USC §1322(c)(1) provides that "a default with respect to, or that gave rise to, a lien on the debtor's principal residence may be cured under paragraph (3) or (5) of subsection (b) until such residence is sold at a foreclosure sale ***that is conducted in accordance with applicable nonbankruptcy law***." (emphasis added).

The legislative history of Section 1322 clarifies that this provision was intended to make clear that under the Bankruptcy Code the right to cure a default is not extinguished upon a foreclosure sale:

> Section 1322(b)(3) and (5) of the Bankruptcy Code permit a debtor to cure defaults in connection with a chapter 13 plan, including defaults on a home mortgage loan. Until the Third Circuit's decision *Matter of Roach,* 824 F.2d 1370 (3d Cir.1987), all of the Federal Circuit Courts of Appeal had held that such right continues at least up until the time of the foreclosure sale. The *Roach* case, however, held that the doctor's right to cure was extinguished at the time of the foreclosure sale. This decision is in conflict with the fundamental bankruptcy principle allowing the debtor a fresh start through bankruptcy.  This section of the bill safeguards a debtor's rights in a chapter 13 case by allowing the debtor to cure home mortgage defaults at least through ***completion*** of a foreclosure sale under applicable nonbankruptcy law.

H.R.Rep. 103-835, 103rd Cong., 2nd Sess. 52 (Oct. 4, 1994); 140 Cong.Rec. 10752-01, 10769 (Oct. 4, 1994) U.S. Code Cong. & Admin. News 1994 pp. 3340, 3361) (emphasis added).

Thus, the legislative history makes clear that under Section 1322(c)(1), the Debtor can cure the mortgage arrears because the foreclosure sale of her property has not been completed in that the sale has not been ratified.

That being said, this issue is irrelevant because as discussed *supra*, the Confirmation Order in this case is *res judicata* with regard to the Motion for Relief.

<u>CONCLUSION</u>

For the foregoing reasons, the Debtor respectfully requests that the Court deny US Bank's Motion for Relief from the automatic stay.

Respectfully submitted,

<u>/s/ Michael P. Coyle, Esq</u>
Michael P. Coyle, #16202
The Coyle Law Group
7061 Deepage Drive, Suite #101-B
Columbia, MD 21045
443-545-1215
mcoyle@thecoylelawgroup.com
Counsel for the Debtor

Date: March 8, 2020

## **CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that on this 8th day of Marc 2020, a copy of the foregoing was delivered as follows:

<u>Electronically via the CM/ECF</u>:

Christopher T. Peck Fed. I.D. 19622
MCMICHAEL TAYLOR GRAY, LLC
3550 Engineering Drive, Suite 260
Peachtree Corners, GA 30092
cpeck@mtglaw.com

Office of the U.S. Trustee

Rebecca A. Herr, Chapter 13 Trustee
ecf@ch13md.com

                                                */s/ Michael P. Coyle, Esq.*
                                                Michael P. Coyle, #16202